SCOTT K. WILSON, Federal Public Defender (#7347)
WENDY M. LEWIS, Assistant Federal Public Defender (#5993)
ADAM BRIDGE, Assistant Federal Public Defender (# 14552)
FEDERAL PUBLIC DEFENDER
DISTRICT OF UTAH
Attorneys for Defendant
46 West Broadway, Suite 110
Salt Lake City, Utah 84101
Telephone: (801) 524-4010
Facsimile: (801) 524-4060

_____

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> STONEY WESTMORELAND, <br><br> Defendant. | **MOTION TO RECUSE** <br><br> Case No. 2:19-CR-014 HCN |

Stoney Westmoreland, by and through his attorneys of record, moves to recuse Judge Howard C. Nielson, Jr. from presiding over this matter under 28 U.S.C. § 455.

### *Argument*

Under § 455(a) and (b)(1), a judge must disqualify himself if "his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party[.]"  However, a judge has "as strong a duty to sit where there is no legitimate reason to recuse as he does to recuse when the law and the facts

require." *Id*.  The test "is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Bryce v. Episcopal Church in the Diocese of Colorado*, 289 F.3d 648, 659 (10th Cir. 2002) (internal quotation omitted).

If the issue of disqualification is a close call, the judge "must be recused." *Id*. That is consistent with the goal of § 455 – "to avoid even the appearance of partiality." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 860 (1988). It is the overriding principle that justifies recusal even where "no actual partiality exists." *Id*.

The Court has confronted the problem of the appearance of partiality in the past and is uniquely positioned to understand the issue.  As an attorney involved in litigation to enforce the Proposition 8 ban on marriage equality in California, Mr. Nielson wrote in a motion to vacate the injunction prohibiting the enforcement of the marriage ban:

> Given that Chief Judge Walker was in a committed, long-term, same-sex relationship throughout this case (and for many years before the case commenced), it is clear that his "impartiality might reasonably [have been] questioned" from the outset.

*Perry v. Hollingsworth*, 3:09-cv-2292-JW, Motion to Vacate Judgement (Dkt. No. 768, filed 4/25/2011).  As this Court recognized, pursuant to § 455, a judge shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

More specific to this case, at trial in *Perry v. Hollingsworth*, Mr. Nielson cross-examined an expert for six hours. Counsel argued both that homosexuality is

a choice and that people who are homosexual can become heterosexual via conversion therapy.  Counsel made statements during the litigation that the plaintiffs in that matter "chose to become lesbians" and cited to a statement invoked by Freud in a paper from 1935 that stated "homosexuals can be transformed into heterosexuals".  Further, in cross-examining a plaintiff expert who testified that gays and lesbians encounter a disproportionate level of stress and mental health difficulties due to discrimination, counsel insisted that the research on this topic is hopelessly flawed.

Mr. Nielson's nomination to the federal bench was opposed by several members of the House of Representatives, in part, on the same issue of bias. In a formal letter sent to the House majority and minority leaders, Congresspersons noted that Mr. Nielson "has a consistent record...of making offensive and unfounded arguments" throughout the litigation.  . . . . Noting reports that Mr. Nielson made arguments "that rejected science and denied the human costs of discrimination[,]" and that "hate crimes [are] on the rise," the signatories to the letter urged the rejection of his nomination.  *Id.*

The present case, *United States v. Westmoreland*, relies on two inexorably linked issues.  First, Mr. Westmoreland is a bisexual man.  Second, and perhaps more critical to this inquiry, is that although Mr. Westmoreland is charged with Enticement of a Minor pursuant to 18 U.S.C. § 2422(b), which in and of itself does not focus upon homosexuality, in this particular case, in order to present a full understanding of the facts leading to the charge, it will be necessary to discuss the

homosexual male lifestyle, particularly the 'hook-up culture,'[1] which is distinctly non-traditional.  The case will involve a detailed examination of the hook-up culture for homosexual men, how it works and what it means psychologically. Further, a number of witnesses in this matter are likely to be homosexual men, who may, in part, provide information regarding Mr. Westmoreland's background, which includes the transition from a heterosexual marriage, to being an out, homosexual man.  This background is relevant to the discussion in order that the jury understands the full picture leading to the charges at hand.

Upon learning that this matter had been transferred to this Court, Mr. Westmoreland became extremely concerned that he would not be able to receive a fair trial. This Court's role in the above mentioned litigation created a scenario that placed the Court squarely in the middle of a highly charged and highly sensitive issue. Fair or not, there is now a perception that the Court maintains certain prejudices regarding homosexuality, and this perception reasonably leads to questions regarding the Court's impartiality in matters directly related to or intertwined with a homosexual lifestyle.

Considering all of the relevant facts of this case and this Court's prior position as co-lead counsel in litigation which directly challenged the legal status of homosexuals, the Honorable Howard C. Nielson's impartiality may be reasonably questioned.  Recusal is the appropriate course under 28 U.S.C. § 455(a) and (b)(1).

---

[1] The hook-up culture is not unique to homosexual men.  However, as Mr. Westmoreland is a homosexual man, the discussion will focus on that aspect of this culture.

*Conclusion*

As set forth above, the impartiality of Judge Nielson is reasonably questioned.  In the interests of justice, Mr. Westmoreland moves to recuse Judge Nielson from further proceedings in this matter.


Dated this 22nd day of November, 2019



/s/  *Wendy M. Lewis*
WENDY M. LEWIS
Assistant Federal Public Defender