# United States Probation Office
## For the District of Utah

## Report on Defendant Under Pretrial Supervision

Name of Defendant: Stoney Westmoreland          Docket No.: 2:19CR00014-001

Name of Judicial Officer:   Honorable Howard C. Nielsen, Jr.
                            U.S. District Judge

Date of Release: February 6, 2019

On February 6, 2019, the defendant was released after appearing on a charge of Coercion and Enticement, under multiple conditions. On September 20, 2019, the Order Setting Conditions of Release were amended to including the following condition:

Undergo mental health evaluation and complete any recommended treatment, as directed by the pretrial officer, and take any mental health medications as prescribed; defendant shall pay all or part of the cost of the program, based upon your ability to pay as the pretrial officer determines.

On March 21, 2022, the defendant was sentenced to a 24-month term of imprisonment for the offense of Use of Interstate Facilities to Transmit Information About a Minor. He was permitted to self-surrender on July 19, 2022. He is required to continue to abide by the previously imposed conditions of release pending self-surrender.

On April 6, 2022, the pretrial officer in the Central District of California, where the defendant is residing and being supervised, reported the defendant failed to attend a scheduled mental health treatment session on April 4, 2022. He claimed he had a work conflict which prevented him from attending treatment. On April 6, 2022, the officer advised him that while he remains on release, his conditions require him to attend treatment and him doing so non-negotiable. He stated he understood and would speak with his employer regarding his work schedule to ensure he attended treatment. The officer advised him any additional missed treatment session would result in a report to the Court.

On May 1, 2022, the pretrial officer in the Central District of California again reported the defendant failed to attend a scheduled mental health treatment session on April 30 2022. He claimed he had another work conflict which prevented him from attending treatment.

The purpose of the report is to advise the Court of the defendant's continued noncompliance. As the Court may recall there were several past instances of noncompliance addressed formally by the U.S. Magistrate Court during the course of supervision. In June and September 2019, he possessed sexually explicit materials. On September 20, 2019, a Pretrial Release Violation Hearing was held, and he admitted to the violations. He was permitted to remain on release and the conditions of release were modified. In October and November 2019, he denied a pretrial service officer access to his roommate's room, which officers were permitted to access via a court order. In September 2019, he failed to provide a pretrial service officer an inventory of digital media, per a court order. On January 3, 2020, a Pretrial Release Violation Hearing was held, and he admitted to the violations. He was permitted to

remain on release and the conditions of release were modified, including a temporary term of custody of two days.

Since January 2020, no serious violations of the conditions of release have been reported by the supervising officer. During his term of supervision, there have been reports of the defendant expressing dissatisfaction with the conditions of release, questioning the purposes of specific conditions, utilizing a roommate's cellular device, failures to abide by the terms of home detention/curfew, delinquent computer monitoring payments, inconsistent/sporadic employment, tumultuous relationship with his partner, and a precarious living arrangement with his partner. These issues were addressed via motivational interviewing techniques and verbal reprimands issued by the pretrial officer.

In the event of an additional missed treatment session, or any other noncompliance, a Petition and Order for Action on Conditions of Pretrial Release will be submitted to the Court. Pretrial Services will respectfully recommend revocation of pretrial release and immediate commencement of his term of imprisonment if an allegation of noncompliance is found to be true.

If the Court desires more information or another course of action, please contact me at 801-535-2717.

Respectfully submitted,

By  Zachary C. McBride  
Supervisory U.S. Pretrial Services Officer  
Date: May 11, 2022

THE COURT:

☒ Approves the request noted above  
☐ Denies the request noted above  
☐ Other: _____

_____  
Honorable Howard C. Nielsen, Jr.  
U.S. District Judge  
Date:    5/11/2022